## Wytheville.

## DAVIS v. COMMONWEALTH.

° June 23d, 1892.

1. CRIMINAL PROCEEDINGS—*Speedy trial.*—Code, § 4047, providing that
   . accused shall be tried within four terms of the county court after
   indictment, is satisfied by trial at the fourth term after he was in-
   dicted.

2. IDEM—*Error—Misdating.*—*Venire facias* for grand jury being dated
   " October " instead of " September," by mistake, is no ground for
   setting aside verdict of guilty of murder in the first degree.

3. HOMICIDE—*Case at bar.*—Accused met in the street his wife, from
   whom he had been for some time separated ; becoming enraged,
   began firing at her as she ran into a house. He fired at her and
   another there, when she ran out by a side door. He, returning to
   the street, attempted to reload, succeeded, after interference, in get-
   ting one cartridge in, when deceased, whom he knew to be a police-
   man, arrested him, and was shot by him, and died in four days.
   Accused was not drunk, but was drinking.

HELD :

   Conviction of murder in the first degree should not be disturbed

Error to judgment of circuit court of Tazewell county, ren-
dered December 11th, 1891, affirming judgment of county
court of said county, whereby the plaintiff in error, William
Davis, was, in accordance with the verdict of the jury in the
trial of an indictment for the murder in the first degree of one
Charles Jones, sentenced to death by hanging.   Opinion states
the case.

*J. S. Browning,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

LACY, J., delivered the opinion of the court.

The accused was indicted at the June term of the county court, 1891, and was finally tried and convicted at the October term ; and he claims his discharge upon the ground that four regular terms of the county court had been held and passed since he was held for trial. But this plea was properly overruled. Such term had not passed, as he was tried on the fourth term afterwards held.

The accused tendered a plea of abatement to the constitution and construction of the grand jury, which is not printed in the record, but is alleged to be upon the ground that the *venire facias* for the grand jury was dated October, instead of September, by inadvertence or mistake. This being corrected in accordance with the fact is no ground for disturbing the judgment. There was no injury to the accused in this. The grand jury was duly impanelled at the right time, and there was no mistake, except in a date, which was obviously an error, as it was for a preceding month, and was not misleading.

The next assignment of error is that the court erred in not setting aside the verdict, as contrary to the law and evidence. The evidence shows that in the town of Pocahontas, in Tazewell county, some months before his indictment, the accused met his wife, from whom he had been separated ; and, becoming enraged at the sight of her, drew his pistol, and began to threaten to kill her, which so frightened her that she ran into and through a house which there stood, he shooting and abusing her as she ran. Both were ordered out of the house. The wife fled through a side door. The woman living in the house caught the accused, after he had fired two shots at his wife in the house, and threw him against a table, and he shot at a servant girl, who dodged into a coal-bin in the house ; and the witness, the woman who lived there, ran out of the

front door, screaming "murder" and "fire," and otherwise making a noise; the accused having left by a side door. The accused then ran from the side door to the front door, and fired another shot in the direction of the woman of the house, and the ball passed by her; then ran off up the street and stopped, as if to reload his pistol, when a man came up and attempted to take the pistol from him, and in the scuffle the cylinder fell to the ground. That the accused pushed this man off, picked up the cylinder of the pistol, and put one cartridge in it. That by that time the officers of the town, Rupert and Charlie Jones, were getting so near that the accused ran up the street some forty or fifty yards from the house and turned down an alley, but soon turned and came back to the street, where he was met by Charlie Jones, a policeman of the town. That Jones caught the prisoner by the collar or shoulder, and said: "Consider yourself under arrest"; and stepped rather behind the prisoner. That the prisoner then pointed the pistol over his shoulder and shot Jones. That Jones turned and drew his pistol, but did not shoot, but went off; and the accused was arrested by Mike Rupert, town sergeant. That Jones was a policeman, and had been for some time, and the accused knew Jones, and knew that he was a policeman. Jones had on his uniform as such—blue coat and brass buttons. That Jones lived four days and died. The accused and his wife had been separated for some time, one living in Bluefield and the other in Pocahontas. The shot fired by the accused was the cause of the death of the deceased.

There were numerous witnesses, and the foregoing is the result of their testimony. The crime is distinctly proved. It is without palliation or excuse. The defense of drunkenness was attempted, but utterly failed, it being proved that the accused was not drunk, but in a violent and unreasonable rage, and committed the crime, although warned by friendly people to keep quiet or he would get into trouble. It was murder in

the first degree, and the jury rightly so found it in their verdict; and the judge of the trial court did not err in refusing to set it aside. After his conviction, the prisoner moved the court to set aside the judgment and grant him a new trial, on the ground of drunkenness at the time, and produced numerous affidavits that he was very drunk; but the court overruled his motion; and in this there was no error. Drunkenness, if true, was no excuse. He was evidently conscious and responsible, and the jury so determined when this defense was brought before them. His lying down and seeming·to be unconscious in the station-house might or might not have been real. If he was drunk, as he was to some degree, it was a condition deliberately entered into by him, although often warned against it.

Upon the whole case we see no error in the judgment of the county court, and the same was properly affirmed by the circuit court; and there being no error therein,.the said judgment of the circuit court, affirming the said judgment of the county court, must be affirmed here.

JUDGMENT AFFIRMED.